Sneed, J.,
delivered the opinion of the court.
*627 This is a vendor’s bill to enforce the lien for unpaid purchase money. The sale of the tract of land was at the price of $1 050, one-half of which was paid in cash, and the defendants’ note given for the balance. A deed was executed at the time of the sale, with covenants of warranty and seizin and reservation of lien for the payment of the note.
.The defense i^ by answer and cross-bill, charging the utter insolvency of the vendor, and that in said sale a fraud was perpetrated upon the defendants in that the vendor represented that he was clothed with a good title to the land when he well knew that his title was bad.
The cross-bill sets up in circumstantial detail the . ■alleged defects of the vendor’s title, and demands a rescission, an account for permanent improvements, a repayment of the amount paid, or that the complainants be required to deraign and show a good title. The cross-bill was demurred to, but the demurrer was disallowed and thereupon the Chancellor proceeded to decree, a sale of the land before answer filed on the cross-bill. The defendants appealed.
We think the action of the Chancellor was erroneous. The counsel for the complainants rely upon the cases of Hurley v. Coleman, 3 Head, 266, and Card v. Davis, 1 Heis., 574, to sustain it. The first of these cases simply holds that upon a bill to enforce a lien for purchase money, the vendor need not file the evidences of his title. The vendee cannot resist merely for an insufficient title in the vendor. This was, as we understand it, where the defence was *628 set up by answer, and no fraud or insolvency was alleged. It is held in the same case, that if there be any controversy about the title it must be presented by cross-bill. And we understand the latter case simply to reiterate the doctrines of the first. The general rule is, that where land is bought and deed taken with general warranty, the vendee in the absence of fraud, has no right to an injunction against the payment of the purchase money, or to seek in chancery a restoration of that already paid. He must rely upon the covenants of his deed. It is otherwise, where lie has taken only a title bond. Buchannan v. Alwell, 8 Hum., 516.
But a covenant of seizin made by one who has no title, gives a right of action as soon as the covenant is made, and no eviction as in covenants of warranty is necessary, and when the vendor is insolvent a court of equity will enjoin the collection of the purchase money. Ingram v. Morgan, 4 Hum., 66; Woods v. Worth, 6 Hum., 309. And a bill lies in such case to rescind by reason of the circumstances of fraud and imposition, lb. A court of equity, however, will not interpose in such case unless upon the ground of fraud, or the insolvency of the vendor, or some other distinct ground of equitable jurisdiction. Barrett v. Clark, 5 Sneed, 436; and to the samé effect is the case of Young v. Butler, 1 Head, 640.
The cross-bill in this case alleges both fraud and insolvency and points out the defects in complainants’ title, with that particularity the law seems to require *629 and ' demands a discovery and deraignment. In such a case, a court of equity can give the relief sought in the bill, and in view of the insolvency of the vendor it is perhaps the only remedy left to defendants.
The decree will be reversed and the cause remanded for answer to the cross-bill and further proceedings.